IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT JAMES CRENSHAW, )<br>AIS # 188466, )<br>  )<br>  Plaintiff, )<br>  )<br>v. )<br>  )<br>DARRLY ELLIS, *et al.*, )<br>  )<br>  Defendants. ) | CASE NO. 2:25-CV-87-WKW<br>[WO] |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Plaintiff Robert James Crenshaw, an inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action against five Defendants. (Doc. # 1.) On April 4, 2025, an Order directing Plaintiff to file an amended complaint was entered ("April 4 Order"). (Doc. # 11.) The April 4 Order identified the complaint's deficiencies:

> First, although Plaintiff names five defendants, he has failed to state factual allegations regarding each of them. . . . Second, to the extent Plaintiff's claims are based on events that occurred more than two years prior to the filing of this action, his claims are time-barred. . . . Finally, the Complaint currently constitutes an impermissible 'shotgun pleading' . . . . The Complaint in its current form here is replete with vague, immaterial, and seemingly unrelated facts that fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

(Doc. # 11 at 1–3.) Thereafter, Plaintiff filed an amended complaint naming four Defendants in their official capacities: Mr. Nurse Darrly Ellis, Healthcare Director;

Mr. Doctor Ike; Mr. Doctor Rahming; and Ms. Nurse Long. (Doc. # 15 at 2–3.) The amended complaint is before the court for screening under 28 U.S.C. § 1915(e)(2)(B). After careful consideration, Plaintiff's claims must be dismissed with prejudice prior to service of process pursuant to § 1915(e)(2)(B).

## II. STANDARD OF REVIEW

Plaintiff, a prisoner, is proceeding *in forma pauperis* (IFP). (Doc. # 5.) Under the IFP provisions of § 1915, any complaint filed is subject to mandatory court review. Section 1915 requires that the court dismiss a complaint, or any part of it, on its own initiative, if the allegations are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B)(i)–(iii).

A complaint is subject to dismissal under § 1915(e)(2)(B)(i)–(ii) "for both frivolousness and failure to state a claim" if it "lacks even an arguable basis in law." *Toussaint v. U.S. Attorney's Off.*, 2025 WL 2237376, at *3 (11th Cir. Aug. 6, 2025) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)). A complaint lacks an arguable basis in law when it relies on "an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. Such claims include those where "it is clear that the defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist." *Id.* (citation omitted).

2

On screening, the court may consider, *sua sponte*, affirmative defenses that are clear from the face of the complaint. *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 & n.2 (11th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[] dismissal is allowed." *Id.* at 640. "Res judicata and collateral estoppel are . . . affirmative defenses which justify dismissal of a claim as frivolous." *Id.* at 640 n.2. Furthermore, "[t]he expiration of the statute of limitations serves as an affirmative defense, the existence of which warrants a dismissal as frivolous." *Reid v. Republic Bank & Tr., Inc.*, 805 F. App'x 915, 916 (11th Cir. 2020) (per curiam).

In 2021, the Eleventh Circuit noted that it "ha[d] not yet addressed the meaning of 'malicious' in § 1915A(b)(1) or its corollary, § 1915(e)(2)(B)." *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021). The *Daker* court recognized that "[o]ther circuits . . . have concluded that duplicative actions are properly dismissed as frivolous or malicious." *Id.* (citing cases from the Fifth, Eighth, Tenth, and D.C. Circuits). Agreeing with its sister Circuits, the court stated "that a plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious under the [Prison Litigation Reform Act]." *Id.*

A complaint also must be dismissed at the statutory screening stage if it fails to state a claim upon which relief may be granted. *See* § 1915(e)(2)(B)(ii). This review follows the same standard governing dismissals for failure to state a claim

3

under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). Hence, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To meet the plausibility standard, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "plain statement possessing enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

*Pro se* pleadings are liberally construed and held "to less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, the allegations still "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 557. The court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Escambia Cnty.*, 132

4

F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by*, *Iqbal*, 556 U.S. 662.

### III. THE AMENDED COMPLAINT'S ALLEGATIONS

The amended complaint's allegations, construed in Plaintiff's favor, set forth the following. Plaintiff alleges that, on September 18, 2020, he began experiencing chest pains and went to the infirmary at Staton Correctional Facility. (Doc. # 15 at 5, 12.) This visit to the infirmary initiated a chain of events that Plaintiff confusingly lays out in nine pages of handwritten declarations. (*See id.* at 12–20.) Plaintiff asserts that, upon arrival to the infirmary with chest pains, weakness, and dizziness, standard procedure should have been performing an EKG, faxing the results to a doctor, and letting that doctor determine whether the patient should be given any medication. Instead, Plaintiff alleges that he was given Tylenol and wheeled back to the dorm with instructions to submit a sick-call request if he did not feel better. (*Id.* at 12.) It appears that Plaintiff initially went to the prison infirmary around 10:45 p.m., was given the Tylenol at 1:50 a.m., and returned to the prison infirmary a few hours later (approximately 4:25 a.m.), at which time an EKG was done. (*Id.*) Plaintiff claims that he was sent to Jackson Hospital by ambulance after his EKG results returned abnormal. (*See id.* at 12–13.)

At Jackson Hospital, Plaintiff was "diagnosed with a serious medical condition that demanded the attention of a pace maker." (*Id.* at 14.) It was decided that Dr.

5

Ike would place a heart monitor on Plaintiff for 14 days, after which the results would be examined to confirm the diagnosis. After Plaintiff was discharged from the hospital, he was transported to Kilby Correctional Facility for medical layover and recovery. (*Id.* at 15.) At discharge from Jackson Hospital, Plaintiff was given an envelope, which he was told to give to Dr. Rahming, the physician at Kilby Correctional Facility, with instructions to mail the heart monitor back to Dr. Ike in 14 days. (*Id.* at 16.)

Following the 14-day monitoring period, Plaintiff returned to Jackson Hospital for a follow-up, where he was told by Dr. Ike that Dr. Rahming had never mailed the heart monitor back. Allegedly, Dr. Rahming lost the monitor. (*Id.*) Plaintiff claims that a month or two later, he was rushed back to Jackson Hospital, where Dr. Ike told his nursing staff to immediately prep Plaintiff for surgery. Plaintiff says that he ultimately received a pacemaker. (*Id.* at 17.)

Plaintiff alleges that, after the incidents in 2020 and the receipt of his pacemaker, he developed chronic hypertension and had to be put on blood pressure medication. (*Id.* at 18.) Around August 2023, he had complaints about his blood pressure medication. He went to the pharmacy nurse in charge of inmates' keep-on-person (K.O.P.) medications, Nurse Long, who gave him 10 pills. He also says that "sometime around Aug[ust] of 2023 and October 2023," he was confronted by Nurse Long at the pill-call station. During this confrontation, Nurse Long allegedly accused

Plaintiff of telling prison medical staff that she was not giving him his blood pressure medication. Plaintiff claims that Nurse Long ordered him to bring his K.O.P. meds to her, told him that he had to start going to regular pill call to pick up his meds, and said, "Don't play with me." (*Id.* at 18–19.)

He further alleges that, around January 2024, he started falling more frequently. (*Id.* at 19.) After a fall, he had to be hospitalized. During this hospitalization, the doctor asked Plaintiff why he was not taking his blood pressure medication and whether he was trying to kill himself by not taking his medication. Thereafter, Plaintiff filed a grievance against Nurse Long. However, he claims that he does not see Nurse Long anymore and believes that she was asked to resign and stepped down. (*Id.*)

As relief, Plaintiff asks the court to "allow justice to reign supreme by a jury trial." (*Id.* at 5.) He does not request a specific amount of money but does specify that he wishes to bring a claim for punitive damages against Nurse Long. He also requests "the rolling back of the cameras" to show a jury the "aggravating circumstances" of Nurse Long allegedly taking his blood pressure medication from him. (*Id.*)

### IV. DISCUSSION

Plaintiff brings this suit under 42 U.S.C. § 1983, which provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,

7

>subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

§ 1983.

To state a claim under § 1983, a plaintiff must allege two elements. First, he must allege a violation of a right protected by federal laws, and second, he must allege that the violation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *accord Beaubrun v. Dodge State Prison*, 2025 WL 2490396, at *3 (11th Cir. Aug. 29, 2025) (per curiam).

The allegations in the amended complaint, liberally construed, attempt to assert Eighth Amendment claims for deliberate indifference to Plaintiff's serious medical needs. (Doc. # 15 at 3.) The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The Eighth Amendment's "cruel and unusual punishment" prohibition "should be understood to prohibit government officials from exhibiting 'deliberate indifference to [the] serious medical needs of prisoners.'" *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). "To establish liability on a deliberate indifference claim, a plaintiff must demonstrate that: (1) the injured party suffered a deprivation that was objectively 'sufficiently serious,' and (2) the defendant acted with 'subjective recklessness as used in the criminal

8

law.'" *Wingo v. WellStar Health Sys., Inc.*, 160 F.4th 1184, 1190 (11th Cir. 2025) (quoting *Wade*, 106 F.4th at 1262).

A. **Claim Against Defendant Ellis**

   1. *Plaintiff's 2020 Lawsuit*

   In 2020, Plaintiff filed suit against Staton Healthcare Service and Nurse Ellis. *See Crenshaw v. Staton Healthcare Serv.*, No. 2:20-cv-851-ECM-JTA (M.D. Ala. filed Oct. 21, 2020) (*Crenshaw I*), *appeal dismissed as frivolous*, No. 24-10250 (11th Cir. July 26, 2024), ECF No. 22-2. In *Crenshaw I*, Plaintiff alleged deliberate indifference to his serious medical needs based on the medical care he received following the same September 2020 incident at issue in his current complaint. *See Crenshaw I*, ECF Nos. 1, 39. The court construed Defendant Ellis's Answer and Special Report as a motion for summary judgment, granted the motion, and dismissed Plaintiff's § 1983 claim against Defendant Ellis with prejudice. *Id.*, ECF No. 41. Final judgment was entered on January 11, 2024. *Id.*, ECF No. 42.

   2. *Claim Preclusion*

   Upon review of the complaint and special report in *Crenshaw I* in tandem with Plaintiff's amended complaint, it appears that, at least with respect to Defendant Ellis, Plaintiff is attempting to resurrect the § 1983 claim against Ellis previously

9

dismissed with prejudice by this court. However, the doctrine of res judicata (or claim preclusion) prevents him from doing so.

"The doctrine of res judicata, or claim preclusion, 'will bar a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same.'" *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003) (quoting *Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000)).

The decision in *Crenshaw I* was rendered by a court of competent jurisdiction. Additionally, a final judgment on the merits was issued. *See Crenshaw I*, ECF No. 42. Defendant Ellis was named as a defendant in *Crenshaw I* and is likewise named as a defendant in this action. Finally, the cause of action—42 U.S.C. § 1983—is the same here as in *Crenshaw I*. Accordingly, Plaintiff's § 1983 claim against Defendant Ellis is precluded pursuant to the doctrine of res judicata. Because the affirmative defense of res judicata is apparent, dismissal of Plaintiff's claim as frivolous is justified.

Based on the foregoing, Plaintiff's § 1983 claim against Defendant Ellis will be dismissed with prejudice as barred by res judicata and as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

3. *Duplicative Action*

Even if Plaintiff's claim against Defendant Ellis were not barred by res judicata and deemed frivolous, it still may be dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B)(i). *See Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021) ("We agree with our sister Circuits that a plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice under the [Prison Litigation Reform Act].").

Plaintiff refers to Defendant Ellis's special report in *Crenshaw I* multiple times throughout his amended complaint. Indeed, it seems that he attempted to supplement his threadbare allegations in *Crenshaw I* with information obtained from Ellis's Special Report. Insofar as Plaintiff attempts to resurrect his 42 U.S.C. § 1983 claim against Ellis from *Crenshaw I*, that attempt constitutes a duplicative action. Therefore, Plaintiff's § 1983 claim against Defendant Ellis will be dismissed with prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i).

B. **Claim Against Defendant Dr. Ike**

1. *Not a Proper Defendant Under 42 U.S.C. § 1983*

In his amended complaint, Plaintiff identifies Dr. Ike as a cardiologist at Jackson Hospital. (Doc. # 15 at 2, 14.) As a doctor at a free-world hospital, Dr. Ike is not a proper defendant under 42 U.S.C. § 1983. An essential element of a § 1983 action is that a person acting under color of state law committed the alleged

11

constitutional deprivation. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) (quoting *Sullivan*, 526 U.S. at 50). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F. 2d 1127, 1130 (11th Cir. 1992). "To be considered a state actor under § 1983, a private party must have exercised a traditionally exclusive public function, acted in concert with public officials, or engaged in conduct compelled by the state." *Watkins v. Dubreuil*, 820 F. App'x 940, 943 (11th Cir. 2020).

Plaintiff alleges that Dr. Ike treated him after he arrived at Jackson Hospital. (Doc. # 15 at 14.) He claims that he "was diagnosed with a serious medical condition that demanded attention of a pace maker for help to function adequately." According to Plaintiff, he and Dr. Ike decided that he would wear a heart monitor for 14 days to be sure of the diagnosis. Ultimately, the monitor was to be sent back to Dr. Ike's office by Dr. Rahming after 14 days, but it was lost and never made it back to Dr. Ike. (*Id.* at 16.) These allegations provide no basis for viewing Dr. Ike as a state actor. Because Dr. Ike was not acting under color of state law when he treated Plaintiff at Jackson Hospital, he is not a proper defendant under § 1983. Accordingly,

Plaintiff's § 1983 claim against Defendant Dr. Ike will be dismissed with prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. *Statute of Limitations*

Even if Dr. Ike were a proper defendant under 42 U.S.C. § 1983, Plaintiff's claim against Dr. Ike is barred by the statute of limitations.

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). In Alabama, the limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). "Federal law, though, determines when a § 1983 plaintiff's cause of action accrues." *Chapman v. Dunn*, 129 F.4th 1307, 1315 (11th Cir. 2025). "The general federal rule is that the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.* (cleaned up). Claims brought after the expiration of the statute of limitations may be considered frivolous. *See Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations . . . warrants a dismissal as frivolous."); *see also Reid v. Republic Bank & Tr. Inc.*, 805 F. App'x 915, 916 (11th Cir. 2020) (affirming the district court's *sua*

*sponte* dismissal of some claims under § 1915(e)(2)(B) based on the expiration of the limitations period); *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (recognizing the running of the applicable statute of limitations as a sufficient ground for dismissal under § 1915(e)(2)(B)).

Plaintiff commenced this action on January 28, 2025,[1] well past the expiration of the two-year limitations period. Comparing the amended complaint in this action to the complaint and special report in *Crenshaw I*, Plaintiff's claims in this action—including his claim against Dr. Ike—are based on conduct that allegedly occurred in 2020. The allegations fail to show that Plaintiff brought his claim against Dr. Ike within two years of its accrual. Furthermore, Plaintiff previously made similar allegations in *Crenshaw I*, which indicates his prior awareness of the facts supporting the claims in this action. Because Plaintiff commenced this action after the two-year limitations period had run, his 42 U.S.C. § 1983 claim against Defendant Dr. Ike must be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam). Plaintiff's complaint was docketed on February 3, 2025. However, Plaintiff signed and dated his § 1983 complaint "Jan. 28, 2025." (Doc. # 1 at 5.) Accordingly, under the "prison mailbox rule," this action was commenced on January 28, 2025.

### C. Claim Against Defendant Dr. Rahming

Similar to Plaintiff's claim against Dr. Ike, Plaintiff's claim against Dr. Rahming is likewise barred by the two-year statute of limitations. A comparison of the amended complaint in this action to the complaint in special report in *Crenshaw I* indicates that Plaintiff's claims in this action—including his claim against Dr. Rahming—are based on conduct that allegedly occurred in 2020. As noted, Plaintiff commenced this action on January 28, 2025, well after the two-year limitations period had run. The allegations fail to show that Plaintiff brought his claim against Dr. Rahming within two years of its accrual. Furthermore, Plaintiff previously made similar allegations in *Crenshaw I*, which indicates his prior awareness of the facts supporting the claims in this action. Because Plaintiff commenced this action after the two-year limitations period had run, his 42 U.S.C. § 1983 claim against Defendant Dr. Rahming must be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

### D. Claim Against Defendant Nurse Long

Plaintiff also asserts claims against Nurse Long based on incidents from "sometime around Aug[ust] of 2023 and October 2023," as well as January 2024. (Doc. # 15 at 18.) Specifically, Plaintiff alleges he had K.O.P. blood pressure medication that Nurse Long, albeit rudely, switched from K.O.P. to regular pill call. (*See id.* at 18–19.) The amended complaint's allegations, liberally construed, attempt

15

to assert a claim against Nurse Long for deliberate indifference to Plaintiff's serious medical needs.

"To establish liability on a deliberate indifference claim, a plaintiff must demonstrate that: (1) the injured party suffered a deprivation that was objectively 'sufficiently serious,' and (2) the defendant acted with 'subjective recklessness as used in the criminal law.'" *Wingo v. WellStar Health Sys., Inc.*, 160 F.4th 1184, 1190 (11th Cir. 2025) (quoting *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc)). "To meet the second step, the plaintiff must show that the 'defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff.'" *Id.* at 1190–91 (quoting *Wade*, 106 F.4th at 1262). At the pleading stage, this means that the plaintiff must allege facts that plausibly show that he suffered a deprivation that was objectively sufficiently serious and that the defendant acted with subjective recklessness as used in the criminal law. *See, e.g.*, *O'Connor v. Reddish*, 2026 WL 74569, at *3 (11th Cir. Jan. 9, 2026) (per curiam) ("[T]o succeed on his [deliberate-indifference] claim against [the defendant], [the plaintiff] must allege facts that plausibly show that [the defendant] knew that it would seriously jeopardize [the plaintiff's] health to give him a sick-call form instead of referring him for immediate care. But the facts he asserts don't support that conclusion.").

16

Plaintiff's deliberate-indifference claim against Nurse Long fails at both elements. First, Plaintiff has not alleged an objectively, sufficiently serious deprivation. While Nurse Long's decision to switch Plaintiff from K.O.P. to regular pill call may have been unkind or motivated by a personal grievance, that conduct does not rise to the level of a constitutional deprivation. Although Nurse Long seemingly added an extra step for Plaintiff in obtaining his blood pressure medication, he has not alleged that Nurse Long withheld his blood pressure medication. Indeed, it appears from the amended complaint that Plaintiff could have obtained his medication by going to regular pill call and asking for it, which it seems he did not do. (*See* Doc. # 15 at 18–19.) Second, the alleged conduct does not demonstrate that Nurse Long was actually, subjectively aware that her actions posed a substantial risk of serious harm to Plaintiff. The allegations do not plausibly show that Nurse Long knew Plaintiff's health would be seriously jeopardized by requiring him to go to regular pill call for his medication rather than allowing him to have K.O.P. medications.

Plaintiff has failed to state a deliberate-indifference claim against Nurse Long, despite being afforded the opportunity to amend his complaint. Accordingly, Plaintiff's 42 U.S.C. § 1983 claim against Nurse Long will be dismissed with prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

## V. CONCLUSION

Based on the foregoing, it is ORDERED as follows:

(1) Plaintiff's 42 U.S.C. § 1983 claim against Defendant Ellis is DISMISSED with prejudice, as it is barred by res judicata and deemed frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B)(i);

(2) Plaintiff's 42 U.S.C. § 1983 claim against Defendant Dr. Ike is DISMISSED with prejudice as frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii);

(3) Plaintiff's 42 U.S.C. § 1983 claim against Defendant Dr. Rahming is DISMISSED with prejudice as frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B)(i); and

(4) Plaintiff's 42 U.S.C. § 1983 claim against Defendant Nurse Long is DISMISSED with prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

Final Judgment will be entered separately.

DONE this 9th day of February, 2026.

                                          /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE