IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROBERT JAMES CRENSHAW,        )
AIS # 188466,                 )
                              )
        Plaintiff,            )
                              )
    v.                        )    CASE NO. 2:25-CV-87-WKW
                              )          [WO]
DARRLY ELLIS, *et al.*,       )
                              )
        Defendants.           )

## **ORDER**

On February 9, 2026, Plaintiff Robert James Crenshaw's 42 U.S.C. § 1983 claims were dismissed with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B), and final judgment was entered.  (Docs. # 20, 21.)  Now before the court is Plaintiff's construed Motion to Alter or Amend the Judgment.  (Doc. # 23.)  In his motion, Plaintiff requests the reinstatement of his claims against Defendant Ellis.  Plaintiff argues that the court's granting of Defendant Ellis's motion for summary judgment in his prior case—*Crenshaw v. Staton Healthcare Serv.*, No. 2:20-cv-851-ECM-JTA (M.D. Ala. filed Oct. 21, 2020) (*Crenshaw I*)—appears to be "an unlawful act" because Plaintiff was sent a "withholding of money" form in June 2024.  Plaintiff contends that there has been a clerical error because *Crenshaw I* "was dismissed on August 19th 2022," but he had to sign the withholding form in June 2024.

Federal Rule of Civil Procedure 59(e) allows a party to move to alter or amend a judgment within 28 days after its entry.  In the Eleventh Circuit, the only grounds for altering or amending a judgment under Rule 59(e) are "newly-discovered evidence or manifest errors of law."  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (citation omitted).  Plaintiff's motion does not present grounds sufficient to warrant the alteration or amendment of the judgment in this case.

First, Plaintiff's claims in *Crenshaw I* were dismissed, and final judgment was entered on January 11, 2024, not August 19, 2022, as Plaintiff asserts in his motion.  *See Crenshaw I*, ECF Nos. 41, 41.  Second, following entry of the final judgment in *Crenshaw I*, Plaintiff filed a *pro se* notice of appeal.  *Id.*, ECF No. 43.  Earlier in *Crenshaw I*, when Plaintiff's application to proceed *in forma pauperis* was granted, he was advised that, if he were to file a notice of appeal, he would be required to pay the requisite appellate filing fee.[1]  *Id.*, ECF No. 7; *see also* 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.").  Plaintiff filed his notice of appeal on January 24, 2024.  *Crenshaw I*, ECF No. 43.  His appeal remained pending until it was dismissed as frivolous on July 26, 2024.  *Id.*, ECF No. 74.  Furthermore,

---

[1] In 2020, when Plaintiff's application to proceed *in forma pauperis* was granted, the appellate filing fee was $505.00.  The appellate filing fee increased to $605.00 in December 2023.  *See Fee Schedules*, U.S. Ct. App. Eleventh Cir., https://www.ca11.uscourts.gov/fee-schedules (last visited Mar. 2, 2026).

the Eleventh Circuit's order dismissing Plaintiff's appeal as frivolous noted that Plaintiff "consented to paying the filing fee." *Id.*, ECF No. 74 at 3; *see also* ECF No. 70 at 3 (consent form signed by Plaintiff on May 9, 2024, authorizing payment of the required $605.00 appellate filing fee from Plaintiff's prison account and warning Plaintiff that he must pay the entire filing fee regardless of the court's disposition of his appeal).

Based on the foregoing, it is ORDERED that Plaintiff's construed Motion to Alter or Amend the Judgment (Doc. # 23) is DENIED.

DONE this 2nd day of March, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE